UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| QUO VAT ESTELL, | Case No. 15-cv-04898-MEJ |
|---|---|
| Plaintiff, | |
| v. | **ORDER RE: MOTION TO DISMISS** |
| JOHN MCHUGH, | Re: Dkt. No. 18 |
| Defendant. | |

## INTRODUCTION

Plaintiff Quo Vat Estell ("Plaintiff") brings this action against Defendant John McHugh[1] ("Defendant") as Secretary of the United States Army[2] (the "Army"), alleging the Army discriminated against her based on her disability and failed to accommodate her disability. Pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). Mot., Dkt. No. 18. Plaintiff filed an Opposition (Dkt. No. 24), and Defendant filed a Reply (Dkt. No. 25). The parties have consented to this Court's jurisdiction. Dkt. Nos. 13, 22. The Court previously found this matter suitable for disposition without oral argument and vacated the hearing on the Motion. *See* Dkt. No. 26. Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for the following reasons.

---

[1] In a footnote, Defendant requests that the Court substitute Secretary Eric K. Fanning with former Secretary John McHugh pursuant to Federal Rule of Civil Procedure 25(d). The Court will not rule on such a request at this time; such a request should be brought in a properly filed motion or stipulation.

[2] Plaintiff's Complaint does not expressly articulate whether she intends to bring claims against Defendant in his official capacity, but all of her allegations relate to acts taken by the U.S. Army—not Defendant specifically.

# BACKGROUND[3]

Plaintiff is employed by the U.S. Army as a Human Resources Assistant. First Am. Compl. ("FAC") ¶ 9, Dkt. No. 9. She alleges she is disabled due to Systemic Lupus Erythematosus ("SLE"). *Id.* ¶ 17. Due to her disability, Plaintiff experiences sensitivity to light, and in the past, the Army accommodated her sensitivity by modifying her position so that she would not have to work in areas directly under fluorescent lights. *Id.* ¶ 18. Plaintiff alleges she could perform the essential functions of her job with this accommodation. *Id.* ¶ 20.

On November 8, 2013, Plaintiff's doctor took her off work from that date until January 14, 2014. *Id.* ¶ 21. Plaintiff alleges the Army refused to honor this and other requests for accommodation, subsequently refusing her entry to the building and refusing to allow her to return to work on January 14, 2014 when she was medically cleared to do so. *Id.* ¶¶ 22-25. Plaintiff eventually returned to work on March 12, 2014. *Id.* ¶ 24.

Plaintiff further alleges that between 2013 and 2014, the Army took the following adverse employment actions against her because of her disability: (1) repeatedly warning and disciplining her for being tardy or missing work due to her disability; (2) refusing to complete disability paperwork; (3) refusing Plaintiff entrance to the building where she worked; (4) giving Plaintiff a negative performance review; and (5) disparaging Plaintiff to her co-workers. *Id.* ¶ 31. On February 10, 2014, Plaintiff contacted an Army Equal Employment Opportunity ("EEO") counselor relating to the Army's failure to accommodate her disability. Reding Decl. ¶ 2, Dkt. No. 18-1 & Ex. A (EEO Counselor's Report) at 1.[4] The Department of Defense ("DOD") sent

---

[3] For purposes of this Motion to Dismiss, the Court accepts Plaintiff's well-pleaded allegations as true and construes them in the light most favorable to Plaintiff.

[4] When ruling upon a Rule 12(b)(6) motion, a court may consider documents alleged in a complaint that are essential to a plaintiff's claims and whose authenticity no party questions. *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. City of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). Moreover, "[c]ourts can consider an employee's administrative record even if the documents were not referenced in the complaint." *Lacayo v. Donahoe*, 2015 WL 993448, *10 (N.D. Cal. Mar. 4, 2015) (citing cases). Plaintiff does not challenge the authenticity of the documents attached to the Reding Declaration, although she does argue that she later amended her EEO claims (Dkt. No. 24 at 3). The FAC alleges "Plaintiff filed a formal complaint of discrimination on her disability-related claims [and that] more than 180 days have passed since she filed her formal complaint and no decision has been issued." FAC ¶ 4. Plaintiff does not question the authenticity of the documents attached to the Reding Declaration;

Plaintiff a Notice of Right to File a Formal EEO Complaint of Discrimination on March 26, 2014. *Id*. ¶ 3 & Ex. B (Notice).  Plaintiff signed her Formal EEO Complaint on April 13, 2014.  *Id*. ¶ 4 & Ex. C (Formal EEO Complaint).  In the EEO Complaint, Plaintiff alleges she was discriminated against because of her history of physical disability with fluorescent lights and sun sensitivity, as well as her prior EEO involvement. *Id*., Ex. C at 3-6.  She further alleges her supervisor, Captain Spohr, engaged in various discriminatory and retaliatory actions between November 13, 2013 and January 31, 2014. *Id*., Ex. C at 2-5.  On April 28, 2014, the DOD informed Plaintiff it had accepted her discrimination claims for investigation. *Id*. ¶ 5 & Ex. D (DOD Letter).  The DOD letter informed Plaintiff that the investigation must be completed within 180 days, and that she "may file a civil action" "if the Army has not issued a final decision on this complaint, after 180 days from the date the formal complaint was filed." *Id*., Ex. D.

Plaintiff filed her original complaint in this Court on October 24, 2015.  Dkt. No. 1.  Her FAC, filed February 4, 2016, sets forth a claim under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA"), and two claims under the Rehabilitation Act of 1973, 29 U.S.C. § 791, et seq. (a failure to accommodate claim and a disability discrimination claim).  *See* FAC.

## LEGAL STANDARDS

**A.    Rule 12(b)(1)**

Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).  Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

---

she alleges the existence of the Formal Complaint in her FAC; exhausting her administrative remedies is essential to her claim; and the documents attached to the Reding Declaration are all part of Plaintiff's administrative record.  The Court accordingly may consider the documents attached to the Reding Declaration without converting Defendant's Motion into a motion for summary judgment.

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction. A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").

**B.     Rule 12(b)(6)**

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the

4

speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## DISCUSSION

### A.   FMLA Claim

Defendant argues Plaintiff fails to state an FMLA claim because the United States has not waived its sovereign immunity under Title II of the FMLA. *See* Mot. at 6. Plaintiff agrees her FMLA claim must be dismissed. *See* Opp'n at 1. The Court accordingly **GRANTS** Defendant's Motion as to Plaintiff's FMLA claim and **DISMISSES** Plaintiff's FMLA claim **WITH PREJUDICE**.

### B.   Rehabilitation Act Claims

Defendant moves to dismiss Plaintiff's Rehabilitation Act claims on grounds related to (1) Plaintiff's exhaustion and utilization of administrative remedies, urging dismissal under Rule 12(b)(1) or alternatively Rule 12(b)(6); and (2) Plaintiff's failure to state a claim under Rule 12(b)(6) for either her disparate treatment or failure to accommodate claims.

//

1. <u>Administrative Exhaustion and EEO Allegations</u>

As an initial matter, Defendant challenges Plaintiff's Rehabilitation claims on grounds related to her exhaustion of administrative remedies. First, Defendant contends Plaintiff failed to timely exhaust those remedies, which Defendant alleges divests the Court of subject matter jurisdiction over Plaintiff's related claims under Rule 12(b)(1); alternatively, Defendant contends Plaintiff's claims for any alleged discrimination prior to December 27, 2013 are time-barred and subject to dismissal under Rule 12(b)(6). Second, Defendant contends Plaintiff may not bring claims related to certain allegedly wrongful acts because Plaintiff did not include those acts in her administrative claims.

*a.   Timing of EEO Claims*

Before filing a Rehabilitation Act claim, a federal employee must exhaust the administrative remedies afforded by the Equal Employment Opportunity Commission ("EEOC"). *See Leong v. Potter*, 347 F.3d 1117, 1121-22 (9th Cir. 2003). One step that is required to exhaust those remedies is contacting an EEO Counselor within 45 days of each act the plaintiff alleges is wrongful. 29 C.F.R. § 1614.105(a)(1). Whether the 45-day "requirement is jurisdictional is a matter of debate among the courts." *Lacayo v. Donahoe*, 2015 WL 993448, at *7-9 (N.D. Cal. Mar. 4, 2015) (collecting cases). While "in the context of a motion to dismiss for lack of subject matter jurisdiction," earlier Ninth Circuit cases held that "substantial compliance with the requirement of presenting a claim to an EEO counselor is a jurisdictional prerequisite" (*id*. at *9 (citing *Sommatino v. United States*, 255 F.3d 704, 709 (9th Cir. 2001))), more recent precedent states it is not (*id*. (citing *Kraus v. Presidio Tr. Facs. Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009))). The *Lacayo* court agreed with those cases holding the failure to follow the 45-day timing requirement relates to the substantive adequacy of a complaint but does not constitute a jurisdictional flaw requiring dismissal under Rule 12(b)(1). *Id*. at *8. Without deciding whether "substantial compliance" is a jurisdictional requirement, the court held that "strict compliance with the 45-day request-for-counseling requirement is not." *Id*. at *9.

At the earliest, Plaintiff initially contacted an EEO official to discuss her discrimination claims on February 10, 2014. Reding Decl., Ex. A (EEO Counselor's Report identifying date of

initial contact).[5] For purposes of this motion to dismiss, the Court finds that in doing so, Plaintiff has substantially complied with the statutory presentation requirement. The fact that some of the conduct she alleges predates her initial EEO contact by more than 45 days relates to the substantive adequacy of her claims—it does not divest this Court of jurisdiction to hear her Rehabilitation Act claims in their entirety. *See Lacayo*, 2015 WL 993448, at *7-9. Accordingly, Defendant's Motion to Dismiss the Rehabilitation Act claims pursuant to Rule 12(b)(1) is **DENIED**.

However, only wrongful acts occurring within 45 days of Plaintiff's initial contact with the EEO Counselor—i.e., before December 27, 2013—are timely under EEO regulations. *See* 29 C.F.R. § 1614.105(a)(1); *see also Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002). To the extent Plaintiff's claims are based on incidents occurring before December 27, 2013, they are not properly exhausted. As such, they are time-barred and cannot be the basis for a claim under the Rehabilitation Act. *See Bosse v. Napolitano*, 337 F. App'x 633, 635 (9th Cir. 2009) (plaintiff must initiate contact with EEO counselor within 45 days of each discriminatory act; plaintiff only could have exhausted claims that accrued within 45 days of counseling session; district court did not err in finding claims based on acts preceding that time were unexhausted); *Lacayo v. Donahoe*, 2015 WL 3866070, at *4 (N.D. Cal. June 22, 2015) (allowing plaintiff's Rehabilitation Act claims to proceed only to the extent they were based on incidents falling within 45-day window; dismissing claims based on conduct that fell outside 45-day window); *Vaughn v. Donahoe*, 2011 WL 2199245, at *7 (N.D. Cal. June 7, 2011) (plaintiff may not rely on conduct for which she did not exhaust administrative remedies); *see also Thompson v. Donahoe*, 961 F. Supp. 2d 1017, 1025-26 (N.D. Cal. 2013) (because plaintiff must initiate contact with counselor within 45 days of incident, counselor must inform plaintiff of right to file formal claim no later than 30 days after initial contact, and plaintiff has 15 days from receipt of notice to file formal claim, only conduct at issue "no earlier than 90 days prior to the filing of a formal EEO claim" can be properly

---

[5] The Formal EEO Complaint identifies the date of initial contact as February 13, 2014. Reding Decl., Ex. C. For purposes of this motion to dismiss, the Army construes the facts in the light most favorable to Plaintiff and uses the earlier date of February 10, 2014. *See* Mot. at 3, n.3. Plaintiff does not dispute that February 10, 2014 was the date of first contact. *See* Opp'n.

exhausted).

Plaintiff suggests that the EEO timeliness requirements may be subject to waiver, estoppel, and equitable tolling. Opp'n at 4.[6] Plaintiff, however, has not pleaded allegations sufficient to show these doctrines apply in her case. *See Goel v. Shah*, 2014 WL 2154005, at *5 (N.D. Cal. May 22, 2014) ("Plaintiff bears the burden of pleading and proving equitable reasons to excuse his failure to comply with the 45-day requirement"); *Lacayo*, 2015 WL 3866070, at *4 (plaintiff "failed to plead facts to plausibl[y] establish grounds for equitable tolling"); *Lacayo*, 2015 WL 993448, at *11-12 (dismissing certain claims as time-barred where facts plaintiff pleaded "fail to demonstrate ground for equitable tolling"). Plaintiff's allegations that her doctors requested she take two months off from work are insufficient because they do not show the issues that prevented her from working also prevented her from contacting an EEO counselor. *See also* Opp'n at 4 (arguing "plaintiff's own serious health issues which caused her doctors to take her off work *may* also have affected her ability to make an initial complaint. There are also many other issues . . . that *may* warrant extension of a time limitation period" (emphasis added)).

Accordingly, the Court **GRANTS IN PART** Defendant's Motion to Dismiss Plaintiff's Rehabilitation Act claims to the extent they are based on conduct occurring prior to December 27, 2013. The claims are dismissed with leave to amend, as Plaintiff may be able to allege facts showing that equitable tolling (or another doctrine) applies that allow her to rely on conduct occurring prior to that date.

        b.       *"Like or Reasonably Related" to EEO Allegations*

Next, Defendant argues there is no evidence Plaintiff addressed with the EEO two of the allegations in her FAC: (1) that Defendant refused to fill out her disability paperwork and (2) that

---

[6] Plaintiff also suggests that *Green v. Brennan*, 136 S. Ct. 1769 (2016) provides guidance. Opp'n at 3-4. In *Green*, the Supreme Court held that a constructive discharge claim does not accrue until a plaintiff resigns because that is when the plaintiff has a "complete and present" cause of action for constructive discharge. *Id*. at 1777. Plaintiff does not explain how this holding is relevant to her discrimination claims when she continues to be employed and does not allege any adverse conduct after March 2014. To the extent Plaintiff is invoking the continuing violation doctrine, the FAC does not plead allegations sufficient to show it applies. *See Vaughn*, 2011 WL 2199245, at *7 & n.10 (rule that "discrete discriminatory acts are not actionable if time-barred" does not apply to "pattern-or-practice claims" or to hostile work environment claims (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 123 n.9 (2002))).

Defendant disparaged her in front of her co-workers (FAC ¶ 31). *See* Mot. at 9-10. Plaintiff responds that the Formal EEO Complaint Defendant has attached to the motion is "not even an accurate statement of plaintiff's claims – she disputed this characterization of her claims, and they were also later amended." Opp'n at 3.

At this point in the litigation, the Court cannot determine based on the pleadings that the allegations are not "like or reasonably related" to the allegations of discrimination Plaintiff listed in her EEO complaint. *See Haney v. United Airlines, Inc.*, 2016 WL 80554, at *3 (N.D. Cal. Jan. 7, 2016) ("[W]here 'the new claims are like or reasonably related to the allegations contained in the EEOC charge, separate exhaustion of the new claims is not required'" (quoting *Lyons*, 307 F.3d at 1104)); *Johnson v. United Cont'l Holdings, Inc.*, 2013 WL 6354210, at *14 (N.D. Cal. Dec. 5, 2013) ("In determining whether a civil claim is like or reasonably related to a claim made in an EEOC charge, a district court 'construe[s] the language of the EEOC charge[ ] with utmost liberality'" (quoting *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002))). Even if Plaintiff did not exhaust those particular claims at the administrative level, the Court will not dismiss them at this juncture. The Court thus **DENIES** Defendant's Motion to Dismiss Plaintiff's claims to the extent they are based on Defendant's refusal to fill out disability paperwork and disparagement of Plaintiff to her co-workers.[7]

### 2. Failure to State a Claim

Plaintiff asserts two claims under the Rehabilitation Act of 1973: a disparate treatment claim and a failure to accommodate claim. *See* FAC. To state a disparate treatment claim under the Rehabilitation Act, Plaintiff must plead facts sufficient to plausibly allege that "(1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of her disability." *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (citation omitted). To state a failure to accommodate claim under the Rehabilitation Act, Plaintiff must plead facts sufficient to plausibly allege (1) she is disabled, (2) she is a qualified individual, and (3) a reasonable accommodation is possible that would enable her to

---

[7] To the extent Defendant argues these claims should be dismissed pursuant to Rule 12(b)(1), the request is denied on the grounds stated above.

9

perform the essential functions of her job. *See Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999) (citation omitted). "The Americans with Disabilities Act, whose standards of substantive liability are incorporated in the Rehabilitation Act, defines 'disability' as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (B) a record of such an impairment, or (C) being regarded as having such an impairment." *Walton*, 492 F.3d at 1005. A person is "[a]n otherwise qualified individual" if she "can perform the essential functions of the position with or without reasonable accommodation." 29 C.F.R. § 1613.702(f). A "reasonable accommodation" is defined as "modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii).

The Court agrees with Defendant that Plaintiff's allegations at present are insufficient to state either claim. As to the first elements of Plaintiff's Rehabilitation Act claims, Plaintiff adequately alleges, and Defendant does not dispute, that Plaintiff is an individual with a disability, as she alleges she has SLE, a physical impairment that substantially limits her ability to perform major life activities, including work; that she has a record of having an impairment, and that she was regarded as having an impairment.[8] FAC ¶ 17. Plaintiff also adequately alleges the second element of these claims, i.e., that she is qualified to perform the essential functions of her job; indeed Plaintiff alleges she currently remains employed as a Human Resources Assistant, the same position she has held for many years. FAC ¶¶ 9, 18, 20, 24. But Plaintiff does not adequately allege the third elements of her Rehabilitation Act claims.

As to her disparate treatment claim, Plaintiff does not allege facts plausibly indicating her disability was a factor in Defendant's employment actions. She alleges in purely conclusory terms that "defendant took numerous adverse employment actions against plaintiff . . . because of her disability" (FAC ¶ 31) and that "defendant discriminated against plaintiff because of her disability" (*id.* ¶ 32). These conclusory statements are not sufficient to allow the Court to draw the

---

[8] Defendant acknowledges this allegation is sufficient to plead the first element of both her Rehabilitation Act claims. Mot. at 11.

reasonable inference that the Army took these employment actions because of Plaintiff's disability. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Plaintiff's failure to accommodate claim is similarly insufficient, as she does not allege sufficient facts as to when and how she was denied reasonable accommodation. While Plaintiff alleges the Army accommodated her condition by ensuring she did not have to work directly below fluorescent lights (*id*. ¶ 18), she does not allege the Army ever revoked that accommodation. Rather, she alleges the Army failed to reasonably accommodate her disability in other ways by: denying her request to take time off pursuant to her doctor's documented recommendation (*id*. ¶ 21); denying her time off to attend doctor's appointments (*id*., ¶ 25); refusing to make scheduling allowances to accommodate lateness or absences caused by her disability (*id*.). Although the "failure to provide reasonable accommodation can constitute discrimination" under the Rehabilitation Act (*Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002)), Plaintiff fails to provide sufficient detail regarding the denial of her accommodation requests. For example, after alleging the Army denied her request for time off, Plaintiff also alleges that while she was "taking the time off" the Army prevented her from entering the building. FAC ¶ 23. With respect to the other requests for accommodation, Plaintiff does not indicate when she made the requests, to whom she made those requests, or why these requests were necessary. *See Gladle v. McDonald*, 2016 WL 1573421, at *4 (C.D. Cal. Apr. 19, 2016) (granting motion to dismiss where plaintiff failed to allege "when and to whom" she requested accommodation or how requested accommodations would enable her to perform essential job functions); *Abdul-Haqq v. Kaiser Found. Hosps.*, 2015 WL 335863, at *3 (N.D. Cal. Jan. 23, 2015) (dismissing FEHA claim where complaint failed to describe substance of requests for accommodation); *see also Anaya v. Marin Cty. Sheriff*, 2014 WL 6660415, at *11 (N.D. Cal. Nov. 24, 2014) (dismissing ADA claim where plaintiff failed to explain why defendant's actions were inappropriate for her disability: "[s]he must [] explain how her disability created physical limitations or symptoms . . . so that she needed specifically identified reasonable accommodations").

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss for failure to state

Rehabilitation Act claims, with leave to amend.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss and gives Plaintiff leave to amend the complaint as described herein.  Plaintiff shall file any amended complaint by September 6, 2016.

**IT IS SO ORDERED.**

Dated: August 4, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge