UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUO VAT ESTELL,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN MCHUGH,<br><br>  Defendant. | Case No. 15-cv-04898-MEJ<br><br>**ORDER RE: MOTION TO DISMISS SAC**<br><br>Re: Dkt. No. 18 |

## INTRODUCTION

Plaintiff Quo Vat Estell ("Plaintiff") brings this action against Defendant John McHugh ("Defendant") as Secretary of the United States Army (the "Army"), alleging the Army discriminated against her based on her disability and failed to accommodate that same disability. Pending before the Court is Defendant's Motion to Dismiss the Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Mot., Dkt. No. 29. Plaintiff filed an Opposition (Dkt. No. 33), and Defendant filed a Reply (Dkt. No. 35). Pursuant to Rule 78(b) and Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and hereby **VACATES** the December 1, 2016 hearing. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for the following reasons.

## PROCEDURAL BACKGROUND

Plaintiff filed her original complaint in this Court on October 24, 2015. Compl., Dkt. No. 1. Her First Amended Complaint ("FAC"), filed February 4, 2016, set forth a claim under the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et seq. ("FMLA"), and two claims under the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, *et seq.* (a failure to accommodate claim and a disability discrimination claim). *See* FAC, Dkt. No. 9. The Court dismissed the FAC. *See*

Order Dismissing FAC, Dkt. No. 27.[1]  First, the Court dismissed Plaintiff's FMLA claim with prejudice after Plaintiff acknowledged the claim was not viable.  *Id*. at 5.  Second, the Court dismissed Plaintiff's Rehabilitation Act claims to the extent they were based on conduct occurring prior to December 27, 2013, because the FAC did not allege Plaintiff had exhausted her administrative remedies for claims based on conduct predating that date; however, the Court did so with leave to amend, as Plaintiff might be able to allege facts showing that equitable tolling (or another doctrine) applied that would allow her to rely on conduct occurring prior to that date.  *Id*. at 7.  Third, the Court found Plaintiff failed to state a claim because she did not adequately plead that her disability was a factor in Defendant's actions, and because she did not adequately plead the Army's failure to accommodate her disabilities.  Those claims also were dismissed with leave to amend.  *Id*. at 9.

Plaintiff filed the SAC, asserting two claims under the Rehabilitation Act.  *See* SAC.  Defendant once again moves to dismiss Plaintiff's claims.

## FACTUAL BACKGROUND[2]

Plaintiff is employed by the Army as a Human Resources Assistant.  SAC ¶ 10, Dkt. No. 28.  She alleges she is disabled due to Systemic Lupus Erythematosus ("SLE").  *Id*. ¶ 18.  As a result of her disability, Plaintiff experiences sensitivity to light.  *Id*. ¶ 19.  From the time she began working for the Army, her employer accommodated her sensitivity by modifying her position so she did not have to work at the front desk or in the file room, places where Plaintiff would have been working directly under fluorescent lights.  *Id*.  Plaintiff alleges she could perform the essential functions of her job with this accommodation.  *Id*. ¶ 23.  This arrangement changed when Captain Spohr became Plaintiff's supervisor.  *Id*. ¶ 20.  (Plaintiff does not allege when Spohr became her supervisor.)  Spohr allegedly insisted Plaintiff work in the file room or at the front

---

[1] Although Plaintiff conceded she could not proceed with her FMLA claim (Opp'n to Mot. to Dismiss FAC, Dkt. No. 24 at 1), and the Court dismissed her FMLA claim (Order Dismissing FAC at 5), she nonetheless includes allegations in the SAC related to the FMLA, *see* SAC ¶¶ 11-13.  The Court reiterates Plaintiff's FMLA claim was dismissed, with prejudice.  *See* Order Dismissing FAC at 5.

[2] For purposes of this Motion to Dismiss, the Court accepts Plaintiff's well-pleaded allegations as true and construes them in the light most favorable to Plaintiff.  *See infra*.

2

desk; she also refused to allow Plaintiff to work at an empty cubicle, where Plaintiff had previously worked. *Id*. ¶ 21.

Plaintiff's doctor gave her a note taking her off work from November 8, 2013 until January 14, 2014. *Id*. ¶ 24. Plaintiff alleges the Army refused to honor this request for accommodation without engaging in the interactive process mandated by the Rehabilitation Act. *Id*. ¶ 25.[3] Plaintiff further alleges that while she "was taking the time off directed by her doctors," the Army refused her entry to the building, "purportedly based on her request for accommodation." *Id*. ¶ 26. When her doctor's note expired and Plaintiff was able to return to work, the Army refused to allow her to do so. *Id*. ¶ 27. Plaintiff eventually returned to work on March 12, 2014. *Id*. ¶ 27.

Plaintiff further alleges that between 2013 and 2014, the Army took the following adverse employment actions: (1) repeatedly warning and disciplining her for being tardy or missing work due to her disability; (2) refusing to complete disability paperwork; (3) refusing Plaintiff entry to the building where she worked; (4) giving Plaintiff a negative performance review based in part on the time off she took due to her disability; and (5) disparaging Plaintiff to her co-workers, including warning them to avoid her and stating she was "trouble" for undescribed reasons. *Id*. ¶ 34. She alleges the Army took these actions because of her disability. *Id*.

On February 10, 2014, Plaintiff contacted an Army Equal Employment Opportunity ("EEO") counselor relating to the Army's failure to accommodate her disability. Reding Decl. ¶ 2, Dkt. No. 18-1 & Ex. A (EEO Counselor's Report) at 1.[4] The Department of Defense

---

[3] This interactive process requires employers, once they become aware that an employee needs accommodation, to engage with the employee to identify and implement appropriate reasonable accommodations. *See Aki v. Univ. of Cal. Lawrence Berkeley Nat'l Lab*., 74 F. Supp. 3d 1163, 1176 (N.D. Cal. 2014).

[4] When ruling upon a Rule 12(b)(6) motion, a court may consider documents alleged in a complaint that are essential to a plaintiff's claims and whose authenticity no party questions. *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. City of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). Moreover, "[c]ourts can consider an employee's administrative record even if the documents were not referenced in the complaint." *Lacayo v. Donahoe*, 2015 WL 993448, *10 (N.D. Cal. Mar. 4, 2015) (citing cases). Plaintiff does not challenge the authenticity of the documents attached to the Reding Declaration. Exhausting her administrative remedies is essential to her claim; and the documents attached to the Reding Declaration are all part of Plaintiff's administrative record. The Court accordingly may consider the documents attached to the Reding Declaration without converting Defendant's Motion into a motion for summary judgment.

("DOD") sent Plaintiff a Notice of Right to File a Formal EEO Complaint of Discrimination on March 26, 2014. *Id*. ¶ 3 & Ex. B (Notice). Plaintiff signed her Formal EEO Complaint on April 13, 2014. *Id*. ¶ 4 & Ex. C (Formal EEO Complaint). In the EEO Complaint, Plaintiff alleges she "was discriminated against because of [her] history of . . . physical disability with fluorescent lights, sun sensitivity and prior EEO involvement." *Id*., Ex. C at 3. Throughout the EEO Complaint, Plaintiff identifies Spohr as one of the individuals discriminating against her; she also identifies other individuals. *See id*., Ex. C at 3-6. She alleges Spohr engaged in various discriminatory and retaliatory actions between November 13, 2013 and January 31, 2014. *Id*., Ex. C at 2-5. On April 28, 2014, the DOD informed Plaintiff it had accepted her discrimination claims for investigation. *Id*. ¶ 5 & Ex. D (DOD Letter). The DOD letter informed Plaintiff that the investigation must be completed within 180 days and that she "may file a civil action" "if the Army has not issued a final decision on this complaint, after 180 days from the date the formal complaint was filed." *Id*., Ex. D.

## LEGAL STANDARDS

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the

4

speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## DISCUSSION

Defendant moves to dismiss Plaintiff's Rehabilitation Act claims on the same grounds it argued in moving to dismiss the FAC. He argues Plaintiff has not alleged facts giving rise to equitable tolling that would allow Plaintiff to state Rehabilitation Act claims based on conduct that predates December 27, 2013. Defendant also argues Plaintiff's amended allegations still fail to state a claim for either disparate treatment or failure to accommodate under the Rehabilitation Act.

### A.   Administrative Exhaustion and EEO Allegations

The Court previously found that "[o]nly wrongful acts occurring within 45 days of Plaintiff's initial contact with the EEO Counselor—i.e., before December 27, 2013—are timely under EEO regulations. . . . To the extent Plaintiff's claims are based on incidents occurring before December 27, 2013, they are not properly exhausted. As such, they are time-barred and cannot be the basis for a claim under the Rehabilitation Act." Order Dismissing FAC at 7. The Court granted Plaintiff leave to amend to "allege facts showing that equitable tolling (or another

1  doctrine) applies that allow her to rely on conduct occurring prior to that date." *Id*. at 8.  In doing
2  so, the Court noted Plaintiff's allegations that her doctors requested she take two months off from
3  work were insufficient because they did not show the issues that prevented her from working also
4  prevented her from contacting an EEO counselor. *Id.*

5  "Equitable tolling of the statute of limitations applies when the plaintiff is prevented from
6  asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary
7  circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v.*
8  *Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999), *as amended* (Mar. 22, 1999) (equitable tolling
9  applied where the plaintiff provided "overwhelming evidence that she was completely
10 psychiatrically disabled during the relevant limitation period [and . . .] presented compelling
11 evidence that her mental illness, caused by the Post Office's wrongful conduct, precluded her from
12 exercising an agency relationship with the attorney who handled her EEOC case." (citing *Alvarez-*
13 *Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1997))).  Thus, Plaintiff must allege either
14 wrongful conduct on the part of the Army preventing her from contacting her EEO counselor, or
15 allege that extraordinary circumstances beyond her control made it impossible for her to contact
16 her EEO counselor within 45 days of the allegedly discriminatory acts.

17 In the SAC, Plaintiff includes new factual allegations in an attempt to show equitable
18 tolling applies to her claims.  She alleges that "[i]n the period prior to [her] initial contact with an
19 EEO counselor[,]" she (1) suffered severe health issues because of her disability, which required
20 multiple hospitalizations; (2) could not contact an EEO counselor on account of the demands of
21 her work, which she was performing even though her doctor advised her not to work; and (3) was
22 responsible for her mother's care, which required she accompany her mother to medical, hospice,
23 and court appointments on more than nine occasions between November 20, 2013 and February
24 25, 2014.  *See* SAC ¶¶ 3-4.

25 These facts do not give rise to equitable tolling.  First, Plaintiff fails to allege facts
26 sufficient to show that Spohr's work-related demands rise to the level of wrongful conduct courts
27 have found sufficient to trigger equitable tolling, or that Spohr's conduct prevented her from
28 contacting an EEO counselor.  *See Stoll*, 165 F.3d at 1242 (the "effects of the repeated sexual

6

abuse, rape, and assault she experienced [at the hands of post office employees] left her severely impaired and unable to function in many respects. She has attempted suicide numerous times-and may do so again. She is unable to read, open mail, or function in society. Thus, her failure to assert her claim within the statutory period was a direct consequence of the Post Office's wrongful conduct"). Second, she fails to allege facts sufficient to show that it was impossible for her to meet or otherwise contact an EEO counselor. The facts she pleads in fact suggest the opposite. Despite being excused from work for medical reasons between November 8, 2013 and January 4, 2014, Plaintiff was able to work, including "respond[ing] to constant phone calls, emails, and paperwork." SAC ¶ 3. During this same time frame, Plaintiff also was able to care for and attend multiple appointments with her mother. The new allegations undercut Plaintiff's argument that equitable tolling should apply because they suggest it was not impossible for her to accomplish a task such as contacting her EEO counselor. *See Long v. Paulson*, 349 F. App'x 145, 146 (9th Cir. 2009) (no equitable tolling where plaintiff was hospitalized for first eight days of 90-day period and did not show he was incapacitated); *Lacayo v. Donahoe*, 2015 WL 993448, at *11-12 (N.D. Cal. Mar. 4, 2015) (no equitable tolling where allegations in complaint indicate that plaintiff successfully applied for disability benefits and made written requests for copies of employment file during period she requested be tolled).

Similarly, Plaintiff does not explain how being placed off work by her doctor (SAC ¶ 24), and prohibited from entering her work building between November 8, 2013 and January 4, 2014 (*id*. ¶ 26), prevented her from timely contacting her EEO counselor about her claims. Plaintiff does not allege that she was hospitalized during this period or advised not to pursue EEO remedies by her doctor, or that she could not contact her EEO counselor because the counselor worked in the building Plaintiff was prohibited from entering.

The standard for equitable tolling is exacting, and requires Plaintiff to show she was unable to contact her EEO counselor in the 45 days following the discriminatory conduct—whether the incapacitation was due to physical or mental conditions. Instead of addressing Defendant's arguments and case law, Plaintiff invokes an EEOC decision. *See* Opp'n at 3 (citing *Complainant*

*v. U.S. Postal Serv.*, EEOC Req. No. 05980475, 1998 WL 518389 (Aug. 6, 1998)).[5] This administrative decision does not advance Plaintiff's argument. The decision affirms the agency's dismissal of a complaint for failure to meet the 45-day deadline, holding the appellant had not demonstrated she was so ill due to bronchitis and a viral infection that she was "so incapacitated that she could not timely file her appeal." EEOC Req. No. 05980475 (citing *Weinberger v. Dep't of the Army*, EEOC Req. No. 05920040, 1992 WL 1374483 (Feb. 21, 1992) ("[W]hen an appellant claims that a physical condition prevented him/her from meeting a particular deadline, the appellant must be so incapacitated by the condition as to render him/her unable to make a timely filing.")). Like the agency, this Court finds Plaintiff has failed to show she was so incapacitated that she was unable to timely contact an EEO counselor. Plaintiff cites no authority demonstrating that equitable tolling should apply under the factual circumstances she relies upon.

The Court accordingly dismisses Plaintiff's Rehabilitation claims to the extent they are based on conduct predating December 27, 2013. The Court will grant Plaintiff one more chance to amend her claims to show equitable tolling applies based on the standards enunciated in *Stoll*.

**B.     Failure to State a Claim under Rehabilitation Act**

The Court previously dismissed Plaintiff's disparate treatment claim because Plaintiff did not allege facts plausibly indicating her disability was a factor in Defendant's employment actions. The Court previously dismissed her failure to accommodate claim because Plaintiff did not allege sufficient facts as to when and how she was denied reasonable accommodation, to whom she made those requests, or why these requests were necessary to accommodate her disability. *See* Order Dismissing FAC at 7-11. Plaintiff reasserts these two Rehabilitation Act claims, and Defendant once again moves to dismiss them for failure to state a claim.

     1.     <u>Disparate Treatment</u>

To state a disparate treatment claim, Plaintiff must plead facts sufficient to plausibly allege that "(1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of her disability." *Walton v. U.S. Marshals Serv.*, 492 F.3d 998,

---

[5] Plaintiff represents she attached a copy of the cited decision to her brief (Opp'n at 3), but did not in fact do so.

1005 (9th Cir. 2007) (citation omitted).

In the FAC, Plaintiff alleged that "[d]uring 2013-2014, defendants took numerous adverse employment actions against plaintiff, including: repeatedly warning and disciplining her for being late and/or missing work because of her disability, refusing to fill out the employer portion on disability paperwork plaintiff provided, refusing to allow plaintiff to enter the building, giving plaintiff a negative performance review, and telling negative things about plaintiff to her co-workers, including warning them to avoid her and stating that plaintiff was 'trouble.'" FAC ¶ 31. Plaintiff then conclusorily alleged Defendant discriminated against her because of her disability. *Id*. ¶ 31. The Court found Plaintiff adequately alleged the first two elements of her claim, but that her "conclusory statements are not sufficient to allow the Court to draw the reasonable inference that the Army took these employment actions because of Plaintiff's disability." Order Dismissing FAC at 10-11.

In the SAC, Plaintiff fleshes out her allegations. She now attributes most of the conduct to a specific individual, Captain Spohr, and provides some basis for alleging Spohr's conduct was motivated by discrimination. The Court paraphrases the relevant allegations:

(1) Plaintiff was repeatedly warned and disciplined by "defendants" for being late and/or missing work, even when she had doctor's notes covering such absences and informed Spohr that the absences and/or late arrivals were due to her disability;

(2) Spohr refused to fill out the employer portion on disability paperwork Plaintiff provided;

(3) Spohr told Plaintiff that she could not enter the building at all because of her disability, even though her doctor's restrictions did not prohibit her from doing so;

(4) Spohr gave Plaintiff a negative performance evaluation, and included the time Plaintiff took off from work due to her disability as a factor contributing to the negative performance evaluation;

(5) Supervisory level employees in Plaintiff's workplace spoke negatively about Plaintiff to her co-workers, including warning them to avoid her and stating that Plaintiff was "trouble."

9

*See* SAC ¶ 34.[6]  While Plaintiff could provide more specificity, the Court finds some of these allegations are sufficient to state that Spohr's conduct was motivated by discrimination.  At the very least, the allegations that Spohr disciplined Plaintiff for missing work while knowing Plaintiff's doctor had medically excused her from work because of her disability, and gave Plaintiff negative performance evaluations in part because Plaintiff took time off due to her disability, are sufficient to state a claim for disparate treatment.

Plaintiff does not allege in the SAC the dates on which Spohr and the Army took these actions; however, she does identify specific dates in her EEO Complaint.  A review of the EEO Complaint suggests that some of the conduct upon which Plaintiff bases her claim occurred before December 27, 2013.  For example, Plaintiff alleges in her EEO Complaint that on November 8, 2013, Spohr rejected her medical slip "for 60 days of Temporary Disability ending 2014 January 15" and refused to fill out disability paperwork.  Reding Decl., Ex. C at 3.  The ultimate viability of claims based on such conduct therefore depends on Plaintiff's ability to demonstrate equitable tolling applies at the pleading stage and beyond, should Defendant choose to challenge tolling on summary judgment.

2.      Failure to Accommodate

To state a failure to accommodate claim, Plaintiff must plead facts sufficient to plausibly allege (1) she is disabled, (2) she is a qualified individual, and (3) a reasonable accommodation is possible that would enable her to perform the essential functions of her job.  *See Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999) (citation omitted).  A "reasonable accommodation" is defined as "modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii).

In dismissing Plaintiff's claim in the FAC, the Court found Plaintiff adequately alleged the first two elements of her claim, but did adequately allege the third because she did "not indicate

---

[6] There are two paragraphs labeled "34" in the SAC; this citation refers to the paragraph starting on page 6 of the SAC.

10

when she made the requests, to whom she made those requests, or why these requests were necessary."  Order Dismissing FAC at 11 (citing *Gladle v. McDonald*, 2016 WL 1573421, at *4 (C.D. Cal. Apr. 19, 2016) (granting motion to dismiss where plaintiff failed to allege "when and to whom" she requested accommodation or how requested accommodations would enable her to perform essential job functions); *Abdul-Haqq v. Kaiser Found. Hosps.*, 2015 WL 335863, at *3 (N.D. Cal. Jan. 23, 2015) (dismissing claim brought under California's Fair Employment and Housing Act where complaint failed to describe substance of requests for accommodation); *see also Anaya v. Marin Cty. Sheriff*, 2014 WL 6660415, at *11 (N.D. Cal. Nov. 24, 2014) (dismissing Americans with Disabilities Act claim where plaintiff failed to explain why defendant's actions were inappropriate for her disability: "[s]he must [] explain how her disability created physical limitations or symptoms . . . so that she needed specifically identified reasonable accommodations")).

Plaintiff argues the following allegations in the SAC address the Court's Order by showing "how and when plaintiff was denied reasonable accommodations" (Opp'n at 5 (citing SAC ¶¶ 17-28)):

(1) As soon as Spohr became Plaintiff's supervisor, she took away the prior accommodations that had allowed Plaintiff to work away from fluorescent lights, and refused to accept these were accommodations for Plaintiff's disability.  SAC ¶ 20.

(2) Spohr insisted Plaintiff work in the file room or front desk.  When Plaintiff explained that working in those areas impacted her disability, Spohr criticized Plaintiff and accused her of shirking.  Spohr "ignored Plaintiff's doctors' communications about what 'avoiding working directly under fluorescent light' meant."  *Id*.

(3) Plaintiff and her doctors asked Spohr to continue to allow Plaintiff to work in an unoccupied cubicle, but Spohr refused to grant the requested accommodation.  *Id*. ¶ 21.

(4) On November 8, 2013, Plaintiff's doctor took her off work for two months because of her disability "which was worsening because of Captain Spohr's harassment and refusal to accommodate Plaintiff.  This note constituted a request for accommodation."  *Id*. ¶ 24.  The Army refused to accommodate this request, without making any effort to

1         engage in the interactive process. *Id*. ¶ 25 (*see supra* at n.2).

2     (5) Plaintiff took the time off, and during this time, the Army prohibited Plaintiff from

3         entering her work building, "purportedly based on her request for accommodation." *Id*.

4         ¶ 26.

5     (6) Plaintiff's doctor cleared her to return to work on January 14, 2014, but "the Army"

6         refused to allow her to do so until March 12, 2014. *Id*. ¶ 27.

7     (7) When she returned to work on March 12, 2014, she worked in the cubicle she had

8         asked to be allowed to work in before her leave. *Id*.

9     (8) "The U.S. Army also failed to accommodate plaintiff in other ways, including not

10        allowing time to attend doctors' appointments, and refusing to make allowances for

11        plaintiff at times being late or missing work, even when caused by her disability." *Id*. ¶

12        28.

The conduct described in paragraphs 1-4 occurred at the latest on November 8, 2013, predates December 27, 2013, and thus cannot form a basis for Plaintiff's failure to accommodate claim. *See infra* Sec. A (declining to apply equitable estoppel to allow Plaintiff to base claims on conduct predating December 27, 2013). To the extent they purport to illustrate requests for accommodation, paragraphs 5, 6, and especially 8 continue to suffer from the same deficiencies the Court identified in dismissing the FAC in that they fail to identify when and to whom the requests were made. *See* Order Dismissing FAC at 11. Paragraph 7 appears to be an example of an accommodation Defendant provided, not a failure to accommodate. Accordingly, the Court finds Plaintiff once again fails to state a claim and grants Defendant's motion to dismiss Plaintiff's failure to accommodate claim, without prejudice.

Plaintiff may amend this claim by providing the information the Court outlined in its Order dismissing the FAC, and again in this Order. In doing so, Plaintiff must identify "when the requests were made, to whom, and why they were necessary." Order Dismissing FAC at 11.

**CONCLUSION**

For the reasons stated above, the Court **GRANTS IN PART** Defendant's Motion to Dismiss the SAC.  Any amended complaint shall be filed by December 15, 2016.  Plaintiff is advised that this will be her last opportunity to cure any deficiencies in her Complaint.  Defendant shall respond to any amended complaint by January 12, 2017.

**IT IS SO ORDERED.**

Dated: November 21, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge